UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE NAVEDO,

                        Plaintiff,

v.                                                    Case # 15-CV-6059-FPG

                                                               DECISION AND ORDER

HOME DEPOT U.S.A., INC.,

                        Defendant.
_____

Defendant Home Depot U.S.A., Inc. filed a Notice of Removal (ECF No. 1), purporting to remove this case from the Supreme Court of the State of New York, County of Monroe, and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

By Order to Show Cause dated March 5, 2015, I reminded the parties that federal district courts are ones "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). I further directed the Defendant to demonstrate that their removal of this action was proper since, as the removing party, they have the burden of demonstrating a "reasonable probability" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

In their Response to the Order to Show Cause, the Defendant candidly admits that they "have no evidence as to the amount in controversy," and they make no argument to even attempt to establish that the amount in controversy exceeds $75,000.00. ECF No. 7. Instead, the Defendant requests an order from this Court that "holds the removal issue in abeyance until the

plaintiff makes a demand [for a specific dollar amount]; that directs plaintiff to assert a demand [for a specific dollar amount]; or in the alternative, and if the Court remands the matter to state court, allows the defendant leave to renew its removal if and when plaintiff makes a demand that satisfies the federal court threshold." *Id.* These requests are based upon the Defendant's claim that because New York State Law does not require an *ad damnum* clause in a complaint, "defendants who are from jurisdictions other than New York State are left unable to assert their right to remove a case to federal court based on diversity…[and] this loophole has made one's right to remove a case to federal court based on diversity of citizenship illusory." *Id.*

The Defendant's argument misses the mark. While it is true that New York does not require *ad damnun* clauses in complaints, there are other ways that a removing party may demonstrate the required "reasonable probability" regarding the amount in dispute. More fundamentally, the Defendant's argument essentially asks this Court to rewrite the federal removal jurisdiction statute, which I decline to do. As counsel is aware, this Court is Constitutionally obligated to apply the law as written by Congress, and as interpreted by the Supreme Court of the United States and the United States Court of Appeals for the Second Circuit. In so doing, the law is clear that as the removing party, the Defendant bears the burden of demonstrating a "reasonable probability" that the amount in dispute exceeds $75,000. If the Defendant cannot satisfy its burden, then this Court is without jurisdiction to entertain the matter.

On this record, I cannot conclude that there is a "reasonable probability" that the damages will exceed $75,000, especially in light of the Defendant's concession on this issue. As such, the Defendant has failed to carry its burden to establish this Court's jurisdiction to hear this matter, and this case is remanded to the Supreme Court of the State of New York, County of Monroe, for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case, and to transmit this Order to the Clerk of the Supreme Court of the State of New York, County of Monroe.

IT IS SO ORDERED.

DATED:   Rochester, New York
         May 4, 2015

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3